JOHN S. DELLA ROCCA ESQ. Castleton-on-Hudson
We acknowledge receipt of your letter in which you state that you are an attorney and also a real estate broker; that a non-attorney is an insurance agent and a real estate broker; that the two of you operate a real estate brokerage business; that your income from the practice of law is not credited to the real estate brokerage business; that the insurance agent's income from his insurance business is not credited to the real estate brokerage business; that other income of yours and his, except real estate brokerage commissions and fees, is not credited to the real estate brokerage business; and that the insurance agent has been elected to the office of town supervisor. You request my opinion whether a conflict of interest would exist if you are appointed attorney for the same town.
General Municipal Law § 801 provides in part, as follows:
 "Except as provided in section eight hundred two of this chapter, (1) no municipal officer or employee shall have an interest in any contract with the municipality of which he is an officer or employee, * * *." (Emphasis supplied.)
The word "interest" for the purpose of this statute is defined in General Municipal Law § 800, subdivision 3, which provides as follows:
 "3. `Interest' means a direct or indirect pecuniary or material benefit accruing to a municipal officer or employee as the result of a contract with the municipality which such officer or employee serves. For the purposes of this article a municipal officer or employee shall be deemed to have an interest in the contract of (a) his spouse, minor children and dependents, except a contract of employment with the municipality which such officer or employee serves, (b) a firm, partnership or association of which such officer or employee is a member or employee, (c) a corporation of which such officer or employee is an officer, director or employee and (d) a corporation any stock of which is owned or controlled directly or indirectly by such officer or employee."
From the facts as recited, the supervisor would not derive any direct or indirect pecuniary or material benefit from the compensation which would be received by you as town attorney and you, as town attorney, would receive no direct or indirect pecuniary or material benefit as a result of the receipt by the supervisor of his salary.
In our opinion, there is no conflict of interest which would prevent you, an attorney, from being appointed town attorney of a town in which your associate in the real estate brokerage business will be the town supervisor, he not being an attorney and no portion of the income which you would receive as town attorney being allocable to or to be received by him and no part of his salary as town supervisor being allocable to or to be received by you. Neither of you will derive direct or indirect pecuniary or material benefit from the compensation of the other. The foregoing conclusion, of course, is subject to the local code of ethics of the municipality and to any provisions therein contained which would lead to a contrary conclusion. We also suggest that although we see no immediately apparent legal ethical problem involved in your question you may wish to consult, in this respect, the New York State Bar Association Committee on Legal Ethics.